BELL vs. THE MAYOR, &c. OF NEW-YORK.

A widow is entitled to dower in an equity of redemption which existed at the
death of her husband.  But whether an actual foreclosure and sale of the
equity of redemption of mortgaged premises, during the life of the husband,
under a decree of the court of chancery to which the wife was not a party,
would bar her right to redeem her estate in dower in said premises; *Quære?*

Where the heir at law has the right to redeem mortgaged premises and the
wife is entitled to dower in the equity of redemption, she has the equitable
right to redeem her dower, as against the mortgagee and those claiming under
him, upon the payment of such portion of the incumbrance as is just and
equitable.                     o

Where this equitable right is vested in the wife, by the death of her husband
in possession of the premises, the mortgagee cannot deprive her of this right
except by such proceedings against her, to foreclose her equity of redemp-
tion, as are by law required to bar the equity of redemption of the heirs at
law in the same premises.

For all substantial purposes the mortgagor in possession, and those who have
derived title to the mortgaged premises or to any interest therein under
him, are considered as the real owners of the premises to the extent of their
several interests therein ;  and the mortgagee is considered as a mere
creditor who has a specific lien upon the premises for the payment of his
debt.

Where a mortgagee has contracted to receive a rate of interest less than the
legal rate, during the time of credit agreed upon by the parties, and he
suffers the mortgagor to remain in possession after the mortgage money be-
comes due and payable, it seems that an understanding of the parties will
be presumed, that the interest shall continue at the same rate until the
mortgagee thinks proper to demand payment.  But no such presumption
can be raised where the mortgagee attempts to foreclose his mortgage, and
takes possession of the mortgaged premises, under the supposition that he
has actually acquired the equity of redemption as a substitute for his debt.

And where the mortgagee has thus taken possession, the wife of the mortga-
gor who is entitled to dower in the premises, and who was not made a party to
the foreclosure suit, cannot redeem her life estate except upon the payment
of legal interest upon one-third of the amount due on the mortgage, for the
residue of her life ; and possession of one-third of the premises cannot be
decreed to her without an actual redemption.

A mortgagor whose equity of redemption has not been barred has a right to
redeem from the mortgagee in possession, upon payment to him of the prin-
cipal and interest due on his mortgage, after deducting therefrom the rents
and profits received by the mortgagee.  And the mortgagee will be en-
titled to a decree that payment, of the amount ascertained to be due, be
made within such time as the court shall direct, or that the mortgagor's
equity of redemption be absolutely foreclosed ; or to a decree for a sale of
the mortgaged premises, to satisfy the amount so ascertained to be due.

**1843.**

Bell
v.
The Mayor of
New-York.

The mortgagee in possession of the mortgaged premises can in no case be divested of that possession until his claim under the mortgage is fully satisfied.

Where a mortgagee in possession has foreclosed the equity of redemption of the person who has the estate in remainder in the mortgaged premises, but not of the owner of the estate for life therein, the latter is not entitled to the possession of the premises, during the continuance of his life estate, upon merely paying the interest which becomes due on the mortgage from year to year for life; but he must pay a gross sum, to be ascertained, under the direction of the court, upon principles on which the present value of a life annuity is calculated, considering the annual interest on the amount then due on the mortgage as the annuity. And upon the payment of such gross sum, he will be permitted to redeem his interest in the mortgaged premises and will be let into possession thereof during the continuance of his life estate therein; or the decree may direct his life estate to be sold, for the purpose of satisfying his proportion of the debt thus ascertained, and that the surplus arising from the sale be paid to him.

The same mode must be adopted to settle the relative proportions which the owner of the life estate and the remainderman should pay to redeem the premises, where the mortgage has not been foreclosed as to either.

Where the widow is entitled to dower in the equity of redemption, and the mortgagee declines to enforce payment of the principal of his debt, she must, as between her and the heir or other owner of the equity of redemption, contribute sufficient from time to time to keep down one-third of the interest on the amount due. But where the mortgage money is due and the mortgagee insists upon the payment of his debt, the court will not require him to relinquish the possession of any part of the mortgaged premises and to receive the payment of the proportion of the debt which is chargeable on that part of the premises in periodical payments, during the life of the party entitled to redeem.

Where the widow elects to redeem, by the payment of a gross sum equal in value to the proportion of the interest on the amount due for life, or where her equitable right of dower has been redeemed by the rents and profits received by the mortgagee in possession, or where her life interest in one-third of the premises is sold to satisfy the mortgagee for her proportion of the debt, the admeasurement of her dower must be made upon the principles adopted in the revised statutes relative to proceedings for the admeasurement of dower.

The principles upon which a mortgagee who takes possession of the mortgaged premises without a regular foreclosure is to account, are substantially the same as those which the revised statutes have adopted in relation to the damages of the doweress, where her dower has been withheld from her, after demand; that is, the mortgagee will be charged with the net rents and profits which he has received, or which he might have received without any negligence on his part, after payment of taxes and ordinary repairs and other expenses of that character. But he will not be charged with the increased rents and profits arising from the use of any permanent improvements made by himself.

1843.

Bell
v.
The Mayor of
New-York.
January 23.

THIS was an appeal by the defendants from a decree of the vice chancellor of the second circuit. The bill was filed to recover dower in Blackwell's Island, which was purchased by the complainant's husband, J. L. Bell, after his intermarriage with her, and of which he died seized in January, 1825, subject to a mortgage thereon, given for a part of the purchase money of the premises, and to a subsequent mortgage given to E. W. King ; neither of which mortgages was executed by the complainant. The consideration which Bell agreed to pay the former owner, for the premises, was $30,000 ; one-third of which was to be paid in May, 1823, and the residue in three annual payments, commencing on the first of May, 1824, with annual interest at the rate of five per cent per annum. The first payment was made on the 2d of June, 1823, at which time Blackwell, the former owner, delivered to Bell a deed for the premises, and took back from him at the same time a bond and mortgrge for the residue of the purchase money, and payable according to the terms of the agreement. Bell took possession of the mortgaged premises, but neglected to pay the first instalment and the annual interest upon the mortgage which became due in May, 1824. In December, after that instalment became due, Blackwell filed a bill in chancery against the mortgagor, and King, the subsequent incumbrancer, to foreclose his mortgage ; but neglected to make the wife of Bell the mortgagor a party to the suit. Bell died pending that suit and before the bill had been taken as confessed against him ; and a bill of revivor and supplement was thereupon filed against his heirs and personal representatives, but the widow of Bell was not made a party. A decree of foreclosure was afterwards obtained in that suit. On the 2d of June, 1825, the mortgaged premises were sold under that decree and bid in by Blackwell, the mortgagee, at a price little exceeding the amount due to him for his debt and costs, including the principal of the third instalment which had not then become due. And he took possession under the master's deed.

On the 19th of July, 1828, Blackwell and wife sold the premises to the corporation of the city of New-York, for the consideration of $32,500, and conveyed the same with warranty. In November, 1831, Mrs. Bell, the complainant, brought an action of ejectment against a tenant of the corporation, who was in possession of the premises, to recover her dower therein ; in which suit a verdict was found for the defendant. In January, 1837, the complainant applied to the corporation to permit her to redeem the premises, and tendered to the then mayor, or offered to pay, the whole amount due upon the mortgage if she could be permitted to redeem and have a conveyance of the premises. But such tender and offer were refused. She thereupon filed her bill in this cause, in February, 1837, praying an account of the rents and profits of the mortgaged premises, to be applied towards the principal and interest due upon the bond and mortgage, and that she might be permitted to redeem upon paying what should be found due, &c. ; and concluding with a prayer for general relief.

The vice chancellor, upon the hearing of the cause on pleadings and proofs, decided and decreed that the husband of the complainant died seized of an equity of redemption in the premises ; that she became entitled to dower in such equity of redemption, at his death, and was not barred of her right by the subsequent decree of foreclosure to which she was not a party ; that she was entitled to damages for the withholding of her dower in the said premises, from the time of the commencement of her suit in this case, to be ascertained and settled by a master, in conformity to the provisions of the 19th, 20th and 21st sections of the title of the revised statutes relative to estates in dower ; (1 R. S. 742 ;) but that she was liable to contribute, towards the payment of the mortgage debt, one third part of the annual interest upon the amount due on the mortgage at the time of Blackwell's purchase under the decree of foreclosure ; such interest to be computed at five per cent, the rate specified in the mortgage, and to commence when her right to damages was, by such decree, to commence. The

decree further directed the damages and interest to be off- set against each other, and the balance struck by the master, and that the party in whose favor the balance should be found to be should have execution therefor. It also directed that her dower in the mortgaged premises should be admeasured and set off to her under the direction of the master ; that the defendants deliver possession of the part of the premises assigned to the complainant for her dower ; that the tenants thereof attorn and pay their rents to her ; and that if she should neglect to pay to the defendants one-third of the interest of the mortgage monies annually, as therein before directed, they should be permitted to apply to the court, by petition, for further directions. The decree also contained a provision for ascertaining the present value of her dower for life in the mortgaged premises, in case she should agree to accept a gross sum in lieu of her dower and the defendants should consent to pay the same.

The following opinion was delivered by the vice chancellor :

C. H. RUGGLES, V. C. The defendants' points in this case will be noticed in the order in which they were presented on the argument.

The evidence in the case leaves no doubt of the fact that the mortgage executed by J. L. Bell, the husband of the complainant, was given to secure the payment of part of the purchase money of the premises in question, and delivered simultaneously with the deed from Blackwell the vendee to Bell the purchaser. The deed and mortgage having been so executed and delivered must be construed together, as parts of one transaction, for the purpose of excluding all previous liens against the purchaser, and of preventing intermediate titles and incumbrances from attaching, to the prejudice of the mortgage security.

The third point is as follows : " The deed and the mortgage for the purchase money being simultaneous, there was no such seizin of the lands as to entitle the wife to dower against the mortgagor's grantor ; but as to him and his mortgage the sei-

zin was merely instantaneous and no dower attached." The principles stated in this point are substantially correct. But it does not come in conflict with the complainant's claim. Mrs. Bell can maintain no action at law against the mortgagee in possession, or against any person claiming title under that security. (*Stow* v. *Tifft*, 15 *Johns. R.* 458.) The legal title under the mortgage is superior to the legal right of the mortgagor's widow to dower ; so long as the mortgage remains unredeemed, the claim is subordinate to the mortgage and cannot be set up in opposition to it. In England, there is no dower of an equity of redemption of a mortgage in fee, and therefore the widow cannot redeem.

There the mortgagor's equity is not recognized as a legal estate of which a husband can have such a seizin as to entitle his wife to dower. (*Parke on Dower*, 136, 137. 1 *Beav. Ch.* 630. 2 *Rand's Powel on Mort.* 692. 4 *Kent's Com.* 43.) But in this state, the mortgagor in possession is regarded substantially as the owner of the land, in virtue of his equity of redemption. His interest in the land is deemed a legal seizin in respect to the dower of his wife. (*Titus* v. *Nelson*, 5 *John. Ch.* 455. 4 *Kent's Com.* 44.) This is equally true whether the mortgage be given for the purchase money, as in the case of *Hitchcock* v. *Harrington*, (6 *John. Rep.* 270,) where the mortgage remained unpaid until after the husband's death ; or the husband purchases lands subject to a mortgage previously executed by his grantor, as in the case of *Collins* v. *Torry*, (7 *John. Rep.* 278 ;) or, where the husband mortgages his lands before marriage and sells the same lands after the marriage, subject to the mortgage, but without the wife joining in the sale, as in the case of *Coles* v. *Coles*, (15 *John. Rep.* 319.) In all these cases the husband's seizin of the equity of redemption must have been the basis of the widow's claim to dower ; because the husband in neither case was seized of any other estate during coverture. The defendants' argument that the husband, Bell, had only an instantaneous seizin, as against his mortgage for the purchase money, would be

1843.

Bell
v.
The Mayor of
New-York.

valid and conclusive against an action at law, by the complainant, to recover dower in the entire estate ; but, as against the equity in her present bill, it is ineffectual and fallacious, because she claims no dower as against the mortgage. A mortgage does not operate as an alienation except to the extent of the debt secured. (1 *Rand's Powell*, 714. 2 *Pick.* 520.) And a mortgage for part of the purchase money is a reconveyance of the title *pro tanto* only ; all the residue of the estate remains in the mortgagor, and that is what is usually called his equity of redemption, of which by the law of this state he has a dowable seizin. His seizin of that equity or interest is not transitory or instantaneous, but permanent and enduring. It is of that seizin and of that part of the estate only that the complainant claims her dower in this cause. A foreclosure and sale under the power of sale in the mortgage, in pursuance of the statute, either during the husband's lifetime or after his death, would have extinguished the widow's right of dower in his equity of redemption. The statute makes it a bar. (1 *R. L. of* 1813, 373, 374.) A foreclosure and sale by a bill in chancery against the husband, during his lifetime and while his wife's right of dower was inchoate, would have barred her claim at law, as we have before seen. Whether it would have cut off her equity of redemption here is doubtful. For although upon a sale under a power, in the lifetime of the husband, the surplus is regarded as personal property, and may be paid to the husband, (*Wright* v. *Rose*, 2 *Sim. & Stu.* 323,) and upon a chancery sale the husband is entitled to the surplus moneys, and no provison is made for the wife, (*Titus* v. *Nelson*, 5 *John. Ch.* 457,) yet it would seem that she cannot be deprived of her inchoate right of dower in her husband's equity of redemption, except by her own act ; because her husband's conveyance or release of his equity does not prejudice her claim. (*Coles* v. *Coles*, 15 *John. Rep.* 319. *Swain* v. *Perine*, 5 *John. Ch.* 490.) The better opinion, therefore, seems to be that the purchaser, in such case, where the wife was not made a party to the bill, would take the estate sub-

ject to her dower in the equity of redemption in case she should survive her husband. But in the present case the husband died, and the complainant's right of dower became consummate, previous to the foreclosure against the heirs. She became entitled at her husband's death, and before the filing of the bill of revivor and supplement, to an interest in the surplus after satisfaction of the mortgage. (4 *Kent's Com.* 39.)

The complainant, therefore, not having been made a party to the bill of supplement and revivor against the husband's representatives, the mortgage as to her must be deemed open and not foreclosed. She cannot be bound by a decree to which she was not a party. (*Haines* v. *Beach.* 3 *John. Ch. Rep.* 461.) That a doweress is entitled to redeem, admits of no doubt. Any person claiming an interest under the mortgage may redeem. (1 *Rand's Powell,* 261.) A tenant in dower, or a tenant by the curtesy, whose estate, is created by act of law, may redeem. (*Idem, note B.*) A doweress in England has a right to redeem a mortgage for years, made before marriage. (2 *Rand's Powell,* 681, 2. *Palmes* v. *Danby, Prec. in Ch.* 137. 1 *Eq. Cas. Abr.* 219.)

The complainant is entitled to the benefit of the maxim " Once a mortgage always a mortgage." She ought to have been made a party to the foreclosure, to give her the opportunity of redeeming ; and if she did not elect to exercise that privilege, she should have been a party for the protection of her interest in the surplus. (*Tabele* v. *Tabele,* 1 *John. Ch.* 45. *Swain* v. *Perine,* 5 *Idem,* 482.) She cannot be bound to accept her portion of a surplus arising on a sale of which she is not presumed to have had any knowledge ; at which she is not supposed to have had an opportunity of bidding or of procuring purchasers to augment the fund. (3 *Paige,* 658.) Nor is she entitled to any portion of it, because the purchaser at the master's sale took the land subject to her dower in the equity. That right was not turned into money by the sale.

The defendants' counsel cited several cases to prove that James L. Bell the husband had no seizin *in equity* of the

premises as against the defendants who claim under the mortgage, and among others he referred to *Halbroach* v. *Finney*, (14 *Mass. Rep.* 566 ;) *Clark* v. *Munroe*, (15 *Idem*, 351 ;) *Stow* v. *Tift*, (15 *John. Rep.* 458 ;) *Jackson* v. *De- witt*, (6 *Cowen*, 316 ;) but neither of the cases appear, upon examination, to support the principle contended for. In the two first, there had been a regular foreclosure of the mortgage against all the world, by an entry and a possession of three years, under the law of Massachusetts. (*See R. S. of Mass.* 1836, *p.* 634, § 6 ; 636, § 13 ; *and Stat. of Mass. of* 1785.) The demandant's equity of redemption was in those cases cut off by the foreclosure ; and she failed in her action at law upon the admitted principle that as against a purchase money mortgage the seizin of the mortgagor is only instantaneous. The case of *Stow* v. *Tift* was sub- stantially like the cases from Massachusetts. There had been a statute foreclosure which cut off the widow's equity of redemption, and the purchase money mortgage was rightly held to be superior to her legal claim of dower. The case of *Jackson* v. *Dewitt*, (6 *Cowen*, 316,) is not in conflict with the other cases. The question arose in an ac- tion at law. The widow claimed her dower in the entire estate, and against her husband's unpaid mortgage for the entire purchase money. She claimed against Bryan, who was held to have derived his title from the husband's mort- gagee.

It may be questionable whether it would not have been more strictly in conformity with previous and subsequent decisions, and more satisfactory, if the judgment of the court in the case last cited had been put distinctly upon the ground that the husband's mortgage was a subsisting title, for the protection of Bryan in an action at law, as was done in the case of *Bird* v. *Gardner*, (10 *Mass. Rep.* 365,) under circumstances nearly similar. But it is not material to en- quire as to that, because the judgment against her claim, was warranted by law and conformable to justice and equity. Had she offered to redeem the mortgage, she would have stood on a different footing in equity, because her husband's

release, whatever effect it might have on her legal right, could not have impaired her equity. (*Swan* v. *Perine*, 4 *John. Rep.* 490.) And it is equally reasonable that it should have operated in her favor at law to give her dower against the assignee of her husband's mortgage. I am unabl eto perceive any just distinction, as to the dowable seizin of the husband, between the case of a purchase money mortgage executed by him, and a case in which he is a purchaser of lands subject to a previous mortgage made by his grantor. In the first case he is supposed to have only an instantaneous seizin as against the mortgagee, which is ineffectual to give dower to the wife as against the mortgage. In the second case, the husband never had even an instantaneous seizin, as against the mortgagee, on which to found the shadow of a claim of dower as against the mortgage; the only estate which the husband ever acquired being an equity of redemption. And yet in *Collins* v. *Torry*, (7 *John.* 278,) the widow was held dowable of an equity of redemption in such a case; and her right to redeem after her husband's death follows as a necessary consequence. And although in *Bird* v. *Gardner*, (10 *Mass. Rep.* 365,) the widow demandant failed in a case of that kind, in an action at law, because the tenant in possession was the assignee of the mortgage which her husband's grantor had executed, yet Chief Justice Sewall intimated that the demandant could be relieved in equity by a redemption of the mortgage. This intimation was subsequently confirmed by Chief Justice Parker, in *Bird* v. *Stevens*, (15 *Mass. Rep.* 279,) who said that a widow's interest in her husband's equity of redemption is protected by the court of chancery. And he speaks of the equity of redemption as of an estate of which the husband may be seized; and adverts to the inaccuracy of some expressions in *Bird* v. *Gardner*, which denied that a widow could be endowed of such an estate. The same equitable principle was recognized, adopted and acted on in the case of *Gibson* v. *Crehon*, (2 *Pick.* 475;) and the distinction between the legal and equitable remedies are there stated and explained. Admitting therefore that the law is

1843.

Bell
v.
The Mayor of
New-York.

as the defendants' counsel claim it to be, yet it seems clear that it does not interfere with the complainant's right to redeem, or to have her dower subject to the mortgage; and that unless it can be shewn that Bell, the purchaser from Blackwell, had not at his death an equity of redemption of the premises in question, the complainant will be entitled to relief.

The defendants' 4th point is as follows : " As to the mortgagor the deed was a mere conditional conveyance, which was defeated by the non-payment of the purchase money, and the foreclosure of the mortgage against him and his heirs, and converted into a mere contractor's equity." Under this point the counsel for the defendants endeavored, but I think unsuccessfully, to show that the right to redeem under a purchase money mortgage was of a different nature and quality from the equity of redemption in other cases. I can find nothing, however, to support such a distinction. Under a purchase money mortgage, the mortgagor's right to the possession stands on the same footing as in other cases. He has the same right to pay off the mortgage money at any time after forfeiture, until foreclosure, and to have the land. The mutual and reciprocal remedies between the mortgagor and mortgagee are the same in form, and the same in substance, in the case of a purchase money mortgage as in other cases. The defendants hold under a master's deed, in pursuance of a decree and proceedings in which the mortgage made by Mr. Bell, and the equity of redemption, were regarded as having the same force and effect as in other cases. The interest of the mortgagor may be sold under a judgment and execution, as in other cases; and the purchaser has the same right to redeem. Judgments at law attach and are liens on the equity of redemption in case of a purchase money mortgage. A subsequent mortgage is a valid lien in such case, and cannot be cut off except by a foreclosure. And accordingly it appears by the bill and answer in this cause, that certain creditors of the said James L. Bell who had liens on the said mortgaged premises, or on the equity of redemption therein, by reason

of judgments and mortgages, were made parties defendants to the bill of supplement and revivor on which the decree of foreclosure was had. The residue of the sale money, after satisfaction of the mortgage for purchase money on a foreclosure, are distributed among the persons having an interest in the equity of redemption, and the mortgagor's widow, if a party, takes her share. (4 *Kent's Com.* 39.)

But if it be admitted that a deed and purchase money mortgage simultaneously executed are precisely on a footing with a conditional grant of land by the vendee, that is to say, with a conveyance on a condition that the grant shall be void, and that the grantor may re-enter for the non-payment of the mortgage money on a certain day, still it will not in my apprehension help the defendants ; and especially if a bond be given by the purchaser for the payment of the purchase money. By such a conditional grant an estate passes immediately and vests in the grantee. The condition or forfeiture would evidently be regarded merely as a security to enforce the principal obligation of paying the purchase money, and in such case a court of equity would relieve against the forfeiture and permit a redemption as in the case of a common mortgage. (2 *Story's Eq.* 548, §§ 13, 16.) If the grantor in such case should enter for condition broken, it is true that the grantee's estate would be gone at law ; but only like a mortgagor's after entry by his mortgagee for default of payment, and a court of chancery would doubtless administer the same relief to the owner of the equity of redemption in both cases. The case of a lessee in fee of land, subject to the payment of rent and to the re-entry of the lessor, bears a strong analogy to the case of a conditional conveyance put by the defendant's counsel. The lessee's equity of redemption after forfeiture and re-entry for non-payment of rent is unquestionable ; and the right of his mortgage (3 *Taunton,* 402) or judgment creditor, or doweress, to redeem and be reinstated is, I apprehend, equally clear. Previous to the passing of the statute, (4 *Geo.* 2, *ch.* 28,) which authorizes the action of ejectment by the lessor instead of an actual re-entry, the

lessee might redeem at any indefinite period, and the inten-
tion of that statute was to relieve the lessor from that in-
convenience.   (*Lee* v. *Lewis*, 1 *Burr*. 619.)   The statute
recognizes the right of the lessee, or any other person claim-
ing any right title or interest in law or equity in the lease,
to file a bill in chancery.   (*Woodf.* 518, *Comyn's Land. &
Ten.* 566, 568.)   This did not create the right of redemp-
tion, but limited a pre-existing equity.   Our statutes on the
subject are framed on the same principle.   (1 *R. L.* 1813,
440.   2 *R. S.* 416.)

This view of the law, and of the distinction between the
legal and the equitable right, does not impeach the doctrine
that dower will be defeated, upon the restoration of the sei-
zin under the prior title, in the case of defeasible estate as
declared by Chancellor Kent.   (4 *Kent's Com.* 48, 50.
3 *Preston's Abs.* 373.)   The restoration of the seizin to
the original vendor, for condition broken, undoubtedly de-
feats the action of dower at law until a redemption.   But
a redemption from the forfeiture, by the aid of a court of
equity, brings it back again to the purchaser, and all the
title that sprung from the purchaser is thereby restored.
Here was a debt to be paid by the mortgagor, to wit, two-
thirds of the purchase money for which the purchaser had
given his bond to the vendor, payable at all events.   The
object of the mortgage, which made the estate conditional,
was to secure the payment of the debt ; and from a forfeit-
ure of the estate for non-payment of the money a court of
equity will relieve in whatever form the parties choose to
put the contract.

I am therefore of opinion, *First :* That J. L. Bell, the
complainant's husband, died seized of an equity of redemp-
tion of the mortgaged lands, although that mortgage was
made for the purchase money and was delivered at the same
time with the vendor's deed.   *Secondly :*   That the com-
plainant at her husband's death became entitled to dower
in that equity, and that her right of dower having been
thus consummated her right is not barred by the decree of
foreclosure subsequently made, and to which she was not a

party.    As to her, the mortgage remains open and redeemable.    *Thirdly* :    That the defendants may require her to redeem the whole mortgage for the sake of her dower, and in *that case* the complainant may so redeem and have her dower, keeping down one-third of the interest of the mortgage money and holding the residue as her security against the estate.    Or, *Fourthly* :    That the defendants having acquired the rights of the heirs, they may assign her dower without redemption, she keeping down one-third of the interest of the mortgage money.    Or, *Fifthly* :    That upon the offer of the complainant's counsel, and at the election of the defendants' counsel, there may be a reference to a master to enquire into the value of the complainant's dower in the equity of redemption and a decree for the payment of that value in satisfaction of the complainant's demand.    The value to be estimated according to the rule in *Walker* v. *Schuyler*, (10 *Wend.* 480.)

*R. Emmett & D. Lord, jun.*, for the appellants.    Seizin in the husband as against those from whom dower is claimed is essential to a right of dower, without exception ; and the husband of the respondent never had such seizin of the premises as entitled her to dower.    (*Co. Litt.* 31, *b.*)    Dower is a purely legal right, and there is no dower in equity unless a right of dower at law be established.    There is no equitable dower ; no dower in a condition, or trust, or equity.    (5 *Parke*, 130, 132.    *Dixon* v. *Saville*, 2 *Rand's Powell on Mort.* 695.    1 *Bro. C. C.* 326.    *Park*, 138.    *Attorney General* v. *Lockley*, Sug. on Ven. App. 398.    Cruise's Dig. tit. *Mortgage*, ch. 3, § 14.    *Talbot's Cas.* 138.    1 *Perkins*, § 368, *Dower.*    *Chaplin* v. *Chaplin*, 3 *P. Wms*, 229.    *Hawley* v. *James*, 5 *Paige*, 452.    1 *P. Wms.* 332.    2 *Atk.* 525.    12 *Peters.* 202.    15 *Idem*, 21.)    Dower may be demanded against one class of tenants in fee, estopped to deny seizin of the husband, and may be denied as to another class who are not so estopped.    (1 *Pres. on Abs.* 355.    *Park*, 37, 44.    *Bowne* v. *Potter*, 17 *Wend.* 164.)    The interest of the husband, in case of a mortgage for the purchase money exe-

cuted simultaneous with the deed, gives no right to dower as against the mortgagee and persons making title under his mortgage. (*Stow* v. *Tift*, 15 *John*. 458. *Jackson* v. *Austin*, *Idem*, 477. 4 *Mass*. *R*. 569. 14 *Idem*, 351. 3 *Wend*. 233. 19 *Idem*, 174. 1 *Cowen*, 479. 6 *Idem*, 316. 2 *Paige*, 191.) Dower by the law of this state in equities of redemption is founded on the estoppel of parties claiming under the mortgagor in fee to deny the seizin of the mortgagor husband. Where there is no such seizin by estoppel, there is no dower at law, and consequently none in equity. (6 *John*. 290. 7 *Idem*, 278. 6 *Cowen*, 316.) The deviation (by making the mortgagor a mere pledge) of the courts of this state from the doctrine of the English courts, respecting the nature of a mortgagor's interest, never was extended to purchase money mortgages. A vendor, notwithstanding an unconditional conveyance by him, was always held to have an equitable lien or resulting trust for the unpaid purchase money, whether an instrument was executed as evidence of it or not. Such lien or trust took precedence of judgments against the vendee, prior in date, and was paramount to any claim for dower. Although a merger of the interest of the purchase money mortgagee, in that of the mortgagor or those who acquired an interest by conveyance from him, gave a right of dower, (*Coates* v. *Cheever*, 1 *Cowen*, 460;) yet the merger of the interest of the latter in that of the former, either by foreclosure or forfeiture for non-payment, (*Ch. J. Savage's opinion*, *S. C. Idem*, 479,) or by release, (*Jackson* v. *Dewitt*, 6 *Cowen*, 316,) did not give such right. As a merger, by extinguishing the mortgagee's interest, extinguishes the mortgage itself, it could no more be set up as a subsisting lien at law than in equity. The foreclosure operated as a bar to the respondent's right of dower. The premises having been bought in by the complainant in the foreclosure suit, the master's deed operated as a mere release to him, and not as a sale and conveyance; which it would have been had the purchaser been a stranger. The suit having been commenced in the husband's lifetime, the decree must have re-

1843.

Bell
v.
The Mayor of
New-York.

lation back to the state of things at the time of the com-
mencement of the suit. A decree of foreclosure in the
husband's lifetime, operating as a release or merger, it is
admitted, would have barred the respondent's dower. The
right of the respondent, if any, having become vested pen-
dente lite, she was bound to have made herself a party to
the suit if she wished such right protected in it. The re-
spondent's dower not having been assigned, pendente lite,
remained a mere chose in action, and was not such a legal
interest as obliged the complainant in the foreclosure suit
to make her a party. The land having been sold by order
of the court, and its value thus ascertained to be less than
the incumbrances, and there being no allegation that this
was not the true value, there remains nothing of which
dower can be given. The decree appealed from is, there-
fore, erroneous in its foundation, and the bill should have
been dismissed with costs ; and such decree ought to be
made on the present appeal. But even if the respondent
should be held entitled to dower, the decree is erroneous in
not declaring the principles on which the dower is to be
set out, namely, the value at the time of the alienation,
and in leaving that to the decision of the master. ( *Walk-
er* v. *Schuyler*, 10 *Wend.* 480. *Hale* v. *James*, 6 *John.
Ch. Rep.* 258.) The decree is also erroneous in not order-
ing the widow to be charged with interest on the amount
due on the mortgage at the rate of seven per cent per an-
num for the period for which damages are awarded. ( *U.
S. Bank* v. *Chapin*, 9 *Wend.* 471.) The respondent hav-
ing coupled the tender made by her with a demand to re-
deem the whole premises or estate, such tender and demand
were not a proper foundation for seeking relief in equity
in respect to her mere right of dower ; she ought, there-
fore, to be charged with the costs.

*S. Sherwood & D. B. Ogden*, for the respondent. The
husband has a legal interest in the equity of redemption
before foreclosure, release or entry for forfeiture, and
if he dies seized of this equity, the inchoate right of the
wife becomes consummate. And although she cannot re-

cover her dower at law, she, in equity, is entitled to redeem in order to obtain her dowable interest, or for the sake of her dower as it is called. (*Choates* v. *Cheever*, 1 *Cowen*, 479.) The husband of Mrs. Bell died seized and in actual possession, and as against her there has been no foreclosure. The rights of the heirs only have been foreclosed. (6 *Cowen*, 317.) The right to redeem for the sake of the dower became a vested right upon the death of Mr. Bell, and of which Mrs. Bell could not be deprived without notice, nor without being made a party to the proceeding. (3 *Paige*, 657, 8. 3 *John. Ch. Rep.* 461, 465.) The right having become vested pendente lite, does not change the necessity of notice to Mrs. Bell. And in analogy to the decision in 3 *Paige*, 357, the ordinary bill of revivor would have been insufficient. But Mrs. Bell had no notice of lis pendens even. An equitable interest is as much protected, and requires notice as much as a legal interest. It is a matter of right for an incumbrancer or other party in interest, not made a party to the foreclosure, to have the decree and sale opened, or that which is equivalent, the right to redeem. They must be made parties, and if omitted the decree will not bind their right. (3 *John. Ch. Rep.* 461. 2 *Vernon*, 601. *Hobart* v. *Abbott*, 2 *P. Wms.* 643. *Mondey* v. *Mondey*, 1 *Vesey & Beames*, 223.) The widow cannot be charged with interest at the rate of seven per cent, on the bond and mortgage : the master only computes the agreed interest. James L. Bell, the complainant's husband, died seized of an equity of redemption in the mortgaged premises, although the mortgage was given for the purchase money, and made contemporaneously with the deed. It is not contended that Mrs. Bell has a legal title, or that she can maintain an action at law, but she has an equitable right to redeem the mortgage. In England she had not a legal right of dower, because the mortgagor was not seized of a legal estate. Here it is held that the equity of redemption in the mortgagor is a legal estate, and it may be sold under execution while the mortgagor is in possession. (*Waters*

v. *Stewart, Caines' Cas. in Err.* 47.) And this doctrine is fully sustained by a decision that the mortgagee has no saleable interest. (*Jackson* v. *Willard,* 4 *John. Rep.* 41.) The cases of *Hitchcock* v. *Harrington,* (6 *John. Rep.* 29,) and *Collins* v. *Torry,* (7 *John. Rep.* 278,) carry out the principle that the wife of a mortgagor shall be endowed of an equity of redemption. And the subject is fully discussed and approved in *Titus* v. *Nelson,* (5 *John. Ch. Rep.* 456.) At the death of her husband the complainant became entitled to dower in that equity ; and her dower having been thus consummated, her right is not barred by the decree of foreclosure subsequently made, and to which she was not a party ; and as to her the mortgage remains open and redeemable. The equity of redemption is the legal interest which the mortgagor has in the estate over the sum necessary to discharge the mortgage ; and until foreclosure it may be redeemed. And any one having the right of redemption, not a party to a foreclosure, may redeem. Here the widow, for the sake of the dower, has the right of redemption and has not been made a party to the foreclosure. (*Tabele* v. *Tabele,* 1 *John. Ch. Rep.* 45. *Swan* v. *Perrine,* 5 *John. Ch. Rep.* 482.) Not having been made a party to the foreclosure, her rights are not affected. (*Wilkinson* v. *Parish,* 3 *Paige,* 657, 8. *Haines* v. *Beach,* 3 *John. Ch. Rep.* 461.) The widow is entitled to have her dower assigned, she keeping down one-third of the interest of the mortgage money ; or she may redeem the whole mortgage and hold the same as her security against the estate, by which to enforce her dower and damages for withholding her dower, deducting from such damages her portion of interest upon the balance of the mortgage, and also the eventual payment of the mortgage money.

THE CHANCELLOR. There is no dispute as to the facts in this case. The only questions for consideration on this appeal therefore are, whether the decision of the vice chancellor is correct in relation to the right of the complainant to be endowed of the equity of redemption in the mort-

gaged premises ; and if so, whether the proper provision has been made in this decree to protect the equitable interests of both parties. The vice chancellor is undoubtedly correct in supposing that, at the death of her husband in January 1825, the complainant was entitled to dower in the equity of redemption of the mortgaged premises. At that time the husband was seized of an estate in fee ; subject to the payment of the mortgage which had been given for a part of the purchase money, and of the subsequent incumbrance thereon to E. W. King. Where a deed is given, and a mortgage upon the premises is executed at the same time, to secure the whole or a part of the unpaid purchase money, it is considered as one transaction only so far as is necessary to protect the rights of the mortgagee. Its effect therefore in relation to previous judgments against the grantee, or mortgagor, is the same as if such previous judgments had been recovered subsequent to the giving of the mortgage. And its effect upon the wife's right of dower, in the mortgaged premises, is the same as if the mortgage had been given by the husband before the marriage.

What would have been the effect of an actual foreclosure and sale of the equity of redemption, during the lifetime of the husband, under a decree of this court to which the wife was not a party, it is not necessary to decide here. For in this case she had a vested interest in this equity of redemption, so as to entitle her to an immediate assignment of her dower therein as against the heirs at law of her husband, who died in possession, several months previous to the foreclosure and sale. The right of the wife to be endowed of an equity of redemption has been put at rest in this state ever since the cases of *Hitchcock* v. *Harrington*, (6 *John. Rep.* 290,) and *Collins* v. *Torry*, (7 *Idem*, 278,) decided by the supreme court in 1810.

It is true those were cases at law in which the persons contesting the wife's right to dower derived their title to the equity of redemption from the husband ; and not from the mortgagee, as in the case now under consideration. But as a general rule equity follows the law. And where

1843.

Bell
v.
The Mayor of
New-York.

the heir has the right to redeem, and the wife is entitled to dower in the equity of redemption, she has the equitable right to redeem her dower, as against the mortgagee and those claiming under him, upon the payment of such portion of the incumbrance as is equitable and just. (*Van Dyne* v. *Thayer*, 19 *Wend. Rep.* 162.) Where that equitable right is actually vested in her, by the death of her husband in possession of the premises, as in this case, I can discover no principle of law or equity which authorizes the mortgagee to deprive her of it, except by the institution of such proceedings against her, to foreclose the equity of redemption, as are by law required to bar the equity of redemption of the heirs at law in the same premises.

For all substantial purposes the mortgagor in possession, and those who have derived title to the mortgaged premises, or any interest therein, under him, are considered as the real owners of the property, to the extent of their several interests therein. And the mortgagee is considered as a mere creditor who has a specific lien upon the premises for the payment of his debt. At the time Blackwell went into possession under the master's deed, in this case, however, as the mortgage money was not paid when it became due, he had, as mortgagee of the premises, the further right to take possession of the mortgaged premises, either on a voluntary surrender of the heirs at law, or by foreclosing the equity of redemption as against them ; and to hold that possession subject to the equitable right of this complainant to redeem her life estate in one-third thereof. The effect of the foreclosure in this case, to which she was not a party is, as between her and the defendants the grantees of Blackwell, the same as if Blackwell had taken possession of the premises, as mortgagee, without a foreclosure, and had then assigned all his interest in the mortgage and in the mortgaged premises to these defendants, at the time that he conveyed to them with warranty, in 1828.

Having arrived at the conclusion that the complainant was entitled to redeem her dower interest in the mortgaged

premises upon just and equitable principles, it remains to be considered whether the decree which the vice chancellor has made is in accordance with the legal and equitable rights of both parties.

The vice chancellor seems to have acted upon the supposition that a mortgagee who takes possession of the mortgaged premises, without actual foreclosure, after the mortgage money has become due and payable, is to be considered as assenting to receive only that rate of interest which he had contracted to receive during the time for which the original credit was given. This I think was erroneous. And it was most unquestionably wrong to allow the complainant to redeem her life interest upon payment of five per cent only, upon one-third of the amount due on the mortgage, for the residue of her life; and to direct the possession of one-third of the premises to be delivered to her immediately, and without an actual redemption.

Where a mortgagee has contracted to receive a particular rate of interest, less than the legal rate, during the time of credit agreed upon by the parties, if he suffers the mortgagor to remain in possession after the mortgage money becomes due and payable, it may perhaps be reasonable to presume that the understanding of the parties is that the interest shall continue at the same rate until the creditor thinks proper to demand payment. But there can be no such presumption where, as in this case, the mortgagee attempts to foreclose, and takes possession of the mortgaged premises under the supposition that he has actually acquired the equity of redemption as a substitute for his debt. It is true that, by a slip of his solicitor, the right of the widow to equitable dower, in the interest which her deceased husband had in the premises after the giving of the mortgage, has not been foreclosed; and she is therefore entitled to redeem her dower therein upon equitable terms. That, however, does not entitle her to redeem upon payment of interest at the rate of five per cent only, down to the time of the probable termination of her life estate. For that would be making an entire new contract for the mortgagee, which he has never assented to either actually or impliedly.

If this was a case between the mortgagee in possession, or those claiming title under him, and the mortgagor or his assigns who were entitled to the whole equity of redemption in the premises, the terms upon which a redemption should be allowed would be very simple.   In that case, the amount due upon the mortgage at the time the mortgagee took possession under the supposed foreclosure, including the last instalment, not then due, but deducting therefrom two per cent interest for the time it had to run, would have constituted the amount upon which interest should be computed, at the legal rate, for the purpose of ascertaining what was due upon the mortgage at the time of redemption ; after offsetting the rents and profits of the premises received by the mortgagee, and those claiming under him, in the mean time.   And upon that balance being ascertained, the defendants would be entitled to a decree that it be paid within such time as the court should direct or that the complainant's equity of redemption be absolutely foreclosed.   Or at least they would be entitled to a decree for a sale of the mortgaged premises, to satisfy the amount thus ascertained to be due.   But in neither case should the defendants, as grantees of the mortgagee, be divested of the possession of any part of the premises until their claim thereon was fully satisfied.

The adjustment of the equitable rights of the parties becomes more complicated, in this case, from the circumstance that the complainant has only a life interest in an undivided portion of the premises, and that there has been a valid foreclosure as to every other estate or interest.   And the statute limiting a widow's claim for arrears of dower, to the time when her dower is demanded, and declaring that she shall only recover the arrears for six years, renders the adjustment of her rights still more complicated.   Still I think the rights of the parties can be adjusted without departing from the general principles upon which the court permits a redemption in other cases.   In the ordinary case, of a life estate in the equity of redemption existing in one person and the remainder in fee belonging to another, if the mort-

gagee has foreclosed the equity of redemption of the re-
mainderman, but has, through inadvertence, neglected to
make the owner of the life estate a party to the foreclosure,
the latter cannot claim possession of the premises during
the continuance of his life estate, upon paying the interest
on the amount due upon the mortgage, from year to year,
for life. But the court should in such case direct the mas-
ter to fix a gross sum, upon the principles on which
the present value of a life annuity is calculated, consider-
ing the annual interest on the amount then due on the
mortgage as the annuity. And the proportion of the mort-
gage money which the owner of the life estate ought to pay
being thus ascertained, he should be permitted to redeem
his interest in the mortgaged premises by the payment of
that amount; and then to be let into the possession during
the continuance of his particular estate in the premises. Or
the decree might direct his life estate to be sold, for the
purpose of satisfying his proportion of the debt thus ascer-
tained, and that the surplus arising from such sale should
be paid to him. The same mode would have to be adopted,
to settle the relative proportions which the owner of the
life estate and the remainderman ought to pay, to redeem
the premises, where the mortgage has not been foreclosed
as to either. If the mortgagee has been in possession of the
mortgaged premises, in such a case, the mode of ascertain-
ing the balance due upon the mortgage at the time of re-
demption will also be precisely the same as if the equity of
redemption of the whole premises, in fee, had belonged to
one person.

Where the widow is entitled to dower in an equity of
redemption and the mortgagee does not wish to enforce
payment of the principal of his debt, the rule is, that as
between her and the heir, or other owner of the equity of
redemption, she must contribute sufficient to keep down
one-third of the interest on the amount due. But where
the mortgagee insists upon payment of his debt, as a con-
dition upon which the owner of the general or of a particu-
lar estate in the mortgaged premises shall be permitted to

redeem, I am not aware of any principle upon which this court can be justified in requiring him to relinquish the possession of any part of the mortgaged premises, and to receive payment of a proportion of his debt, which is chargeable on that part of the premises, in periodical payments during the life of the party entitled to redeem. In the case of *Russell* v. *Austin*, (1 *Paige's Rep.* 192,) where the person who ought to have assigned dower to the widow in the estate of which her husband died seized, afterwards bought in an outstanding mortgage against that estate, this question was not duly considered. And the language of the court in that case has probably misled the vice chancellor in settling the decree in the case now under consideration.

In the assignment of 'the widow's dower, in case she elects to redeem upon paying a gross sum equal to her proportion of the interest on the amount due for life, or if it shall appear that her equitable right of dower is already redeemed by the rents and profits which have been received, or in the case of a sale of her life interest in one third of the premises to satisfy the defendants for that portion of the mortgage money and to give her the surplus, the admeasurement must be made upon the principles adopted by the legislature in the 2d subdivision of the 13th section of the title of the revised statutes relative to proceedings for the admeasurement of dower : (2 *R. S.* 490 :) That is, the master, in making the admeasurement, is to take into view the permanent improvements made upon the mortgaged premises since the master's sale, in June 1825, by Blackwell, or by any one claiming under him ; and if practicable, to assign to the widow for her dower that part of the premises which will not include such improvements. But if it is not practicable to set off to her one-third in value of the premises independent of such improvements, without including some part of the permanent improvements which have thus been made within the part of the premises allotted for the complainant's dower, a deduction is to be made in the lands assigned for her dower, in proportion to the benefits that share will receive from such

part of the improvements so made, by Blackwell, or those claiming under him, as shall be included in the portion so assigned for dower.

The principles upon which a mortgagee, who takes possession of the mortgaged premises without a regular foreclosure, is to account, are substantially the same as those which the revised statutes have adopted in relation to the damages of the doweress in cases where her dower has been withheld from her after it was demanded : That is, the mortgagee is to be charged with the net rents and profits which he has received, or which might have been received without any negligence on his part, after payment of taxes and ordinary repairs and other expenses of that character ; but without charging him with the increased rents and profits arising from the use of any permanent improvements made by him. (*Moore* v. *Cable,* 1 *John. Ch. Rep.* 385. 1 *R. S.* 743, § 21.)

Adopting the principles above suggested as those upon which the decree in this case should be settled, the proper mode of ascertaining whether the widow's dower right in the equity of redemption has been already redeemed by the rents and profits of the premises, and if not, how much still remains to be paid by her to redeem the same, will be as follows :

*First,* to direct the master to ascertain the amount due for principal and interest on the mortgage at the time the mortgagee took possession under the master's deed, on the 2d of June, 1825, including in that amount the last instalment of $700, less the difference of interest between five and seven per cent from the day of sale to the first of May, 1826, when that instalment was to become due and payable by the terms of the mortgage ; that upon the amount thus ascertained he compute interest at the legal rate of seven per cent per annum, from the time of the master's sale to the 6th of January, 1837, and add it to the amount upon which such interest was computed ; and that the master then compute and ascertain the value of the rents and profits of the premises for the same period, upon the prin-

ciples before suggested : that is, the value of the net rents and profits which Blackwell, and the defendants as his grantees, have received, or which he or they might have received without any fault on his or their part, but charging nothing for the increased rents and profits arising from the use of any permanent improvements made by Blackwell or those claiming under him subsequent to the master's sale ; and that the master deduct the rents and profits thus ascertained from the amount then due on the mortgage.

The reason for directing the computation to be made up to this time only, in the first instance, is that this was the time when the alleged tender was made, accompanied by a demand of the reconveyance of the whole mortgaged premises to the complainant. That, although invalid as a tender on account of the condition with which the offer was accompanied, was tantamount to a demand to be endowed of the equity of redemption at that time, upon payment of her equitable proportion of what was then due and chargeable on one undivided third of the estate in which she had a life interest. This 6th of January, 1837, is also the time at which the complainant's right to damages for the detention of her dower should commence, if it turns out that one-third of the rents and profits received subsequent to that time were more than sufficient to redeem her life interest in one-third of the premises. After that time it is proper to offset the rents and profits of one-third of the premises against the interest of one-third of the balance then found to be due on the bond and mortgage. But if the rents and profits should be found to exceed the interest on the balance thus found to be due at the time of the demand of her dower, she will not be entitled to an execution against the defendants for the surplus, unless it is more than sufficient to redeem her life interest in the third of the premises. For a mortgagee in possession can never be required to pay any of the rents and profits of the mortgaged premises to the mortgagor until the whole amount of the mortgage money chargeable on the portion

of the estate belonging to the mortgagor, or to the person claiming under him, has been fully discharged.

The decree should therefore direct the master; *Secondly*, to compute the interest on one-third of the amount of mortgage money which is found to have been due on the 6th of January, 1837, down to the time of taking the account ; then to add to such interest a gross sum which will be equal to the then value of an annuity of the amount of one year's interest for the probable continuance of the complainant's life, upon the principles of computing life annuities, and at the legal rate of interest ; and then to compute and ascertain the value of the rents and profits of one-third of the premises, from the 6th of January, 1837, to the time of taking the account by the master, upon the principles before directed, and offset one account against the other and state the balance. If it shall be found that the rents and profits so received subsequent to January, 1837, exceed the amount of the interest from that time including the gross sum allowed as an equivalent for future interest, the defendants must be decreed to pay such balance with interest thereon from the date of the master's report, and to deliver up to the complainant the possession of that part of the premises admeasured and set off for her dower.

In case the balance should be found to be the other way, the complainant must redeem her dower interest, by paying such balance, with interest thereon from the date of the master's report, within six months after the confirmation of the report, or her equity of redemption will be barred. If she redeems, the defendants must surrender the possession of the premises assigned for her dower, and account for the rents and profits of the same subsequent to the date of the report. But in the case supposed, of a balance being found against the widow, she may, if she prefers it, instead of having a decree for a strict foreclosure, have a decree for a sale of the portion of the premises assigned for her dower ; with directions to pay her the surplus proceeds of the sale, after paying the balance found due by

the master and interest thereon, together with the necessary costs and expenses of such sale.

The decree appealed from must be reversed, or rather it must be remodeled in conformity to these principles and directions. And if the parties cannot agree upon a master to take and state the accounts, and make the assignment of dower, the assistant vice chanellor of the first circuit, if consistent with his other duties, is designated for that purpose ; or in case he declines, one of the exception masters in New-York must be directed to discharge that duty.

Neither party is to have costs as against the other upon this appeal.