Boynton, J.
This case presents a question of jurisdiction. It is contended by the plaintiffs, assignees of the insolvent mortgagor, that by the filing of the deed of assignment in the probate court, and the execution of a bond by them, to the approval of the court, for the faithful performance of their duties, that court acquired jurisdiction of the subject-matter of the trust, and that the jurisdiction thus acquired was exclusive of that of all other courts, within the rule, that where a court of competent jurisdiction has acquired possession of the subject-matter of litigation, and the right of a party to prosecute his action has once attached, the *160 right of the court to retain the ease, and of the party to prosecute it, can not be defeated by the institution of proceedings in another court, although of concurrent and coordinate jurisdiction.
The existence of the rule contended for is clearly established. As between courts of concurrent and co-extensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings, and the service of the required process, acquires the right to adjudicate upon the whole issue, and to settle the rights of the parties to the exclusion of all other tribunals. Keating v. Spink, 3 Ohio St. 105; Ex parte Bushnell, 8 Ohio St. 599; Taylor v. Carryl, 20 How. 583. The rule is said to rest upon comity and necessity. But the rule stated has no application, where the powers of the court first áequiring control of the subject of litigation, are so far limited, or defective, as to be unable to afford that relief to the parties to which they are either legally or equitably entitled.
Where a court of law aud a court of equity have concurrent jurisdiction over the same subject, it frequently happens that the former tribunal, because of inadequate or limited powers, is unable to afford that relief which a party has the right to demand, and which a court of equity is fully competent to give. In such case, a court of equity is clothed with complete jurisdiction, and if necessary to the full protection of the rights of a party, will enjoin further proceedings in the action at law. In so doing, it but exercises that jurisdiction very commonly and properly resorted to in cases where there is no specific, adequate, and complete remedy at law. Smith v. McIver, 9 Wheat. 532.
The application of this principle to the present controversy renders unnecessary a decision of the question, at what point of time in the progress or history of the proceedings in the probate court the jurisdiction becomes exclusive in cases where that court possesses power to grant complete relief? Garlough held a mortgage executed by the plaintiffs’ assignor, whose wife had released her inchoate right of dower in the premises mortgaged. For the *161 satisfaction of his debt, he had the right to foreclose her equity of redemption, and to sell her interest in the property mortgaged as well and as fully as to foreclose and sell the equity therein of the husband. Sweesey v. Shady, 22 Ohio St. 333; State Bank of Ohio v. Hinton, 21 Ohio St. 509; Bell v. The Mayor of New York, 10 Paige, 49; 1 Scrib. on Dower, 482.
A judgment which failed to secure to him the avails-of a sale of this .interest, and their application to the-payment of the mortgage debt, if necessary to discharge-it, failed to afford and secure him that relief to which he-was clearly entitled. Rut neither the probate court nor the assignees had the power, under the act regulating the mode of administering assignments in trust for the benefit of creditors (S. & S. 395), or otherwise acquired, to cause-the inchoate dower interest of the wife in the property mortgaged to be extinguished by a sale to which she did. not consent.
'The statute is the source of power possessed by the court. The jurisdiction is purely statutory. The interest or estate-that the assignee is authorized to sell, either with or without an order from the probate court, is defined by the fifth section of the act. That section requires the assignee to make due return of all sales of real estate, made by him, to-the probate judge, and if confirmed, to execute a deed to-the purchaser, “ conveying the title, free from all liens on the same, for all debts due by the assignor.” The property-required to be sold is the real and personal property assigned. The property assigned was the property belonging to the assignor, and did not embrace or include the-inchoate dower interest therein belonging to his wife. In authorizing or empowering the assignee, upon confirmation of the sale, to convey the title free from all liens on the same for all debts due by the assignor, the legislature evidently contemplated liens created by him. It was not intended to include liens on an interest in the property, that did not belong to the assignor, and which constituted no-part of his estate. Motion denied,