By the Court. Woodruff, J.
The question presented to our consideration on this appeal is, whether the plaintiff is entitled to redeem the premises, in virtue of an interest therein, as the-once wife, and now widow, of Russell C. Wheeler, to whom the premises.were conveyed, subject to a mortgage given thereon for *529 purchase-money by the party from whom his title was derived. And this question involves an inquiry, what were the rights of the plaintiff prior to the foreclosure of that mortgage ? and second, how does that foreclosure affect her ?
It is, of course, conceded, that Russell C. Wheeler, her husband, acquired, by the conveyance of the premises to him, an equity of redemption in the mortgaged premises.
And the general doctrine, well settled in this State, that a wife will be endowed of an equity of redemption vested in her husband during the coverture, is not disputed. (Hitchcock v. Harrington,, 6 J. R. 290; Collins v. Torrey, 7 Ib. 278; Coles v. Coles, 15 Id. 819; Lane v. Shears, 1 Wend. 437, and cases cited.)
But it is claimed, that the mortgage in the present case, being a mortgage given for the purchase-money, neither Burtis nor any grantee under him had such a seizin, that the general doctrine last mentioned is applicable.
This, it is insisted, should be regarded as settled as the law before the Revised Statutes by the cases of Stow v. Tift, 15 J. R. 458, and Jackson v. De Witt, 6 Cow. 316, and unqualifiedly affirmed by the provisions of the Revised Statutes on the subject of Dower, (1 Rev. Stat. p. 740, 744, §§ 4, 5, and 6.)
Section 4 of the statute provides, that where a person seized of an estate of inheritance in lands shall have executed a mortgage of such estate before marriage, his widow shall, nevertheless, be entitled to dower out of the lands mortgaged as against every person, except the mortgagee, and those claiming under him.
This was no restriction of the widow’s right of dower within limits more narrow than had before bounded that right. The Courts had already settled, that a mortgagee has in this State only a chattel interest in the land as security for his debt, and that the freehold remains in the mortgagor. (Runyan v. Mersereau, 11 J. R. 534; Wilson v. Troup, 2 Cow. 196, 7 Cow. 13, Id. 71, 6 Ib. 147, and cases above also cited.)
And that such freehold, being an estate of inheritance, the widow has dower therein subject only to the mortgage; and might as against the heirs-at-law have an assignment of dower and maintain her action at law therefor. (5 J. Ch. R. 452.)
But this right of dower was subject to the mortgage and in *530 entire subordination to the rights of the mortgagee. (See Van Dyne v. Thayre, 14 Wend. 234.)
This fourth section was, therefore, a mere affirmance of the preexisting law as it had been declared by the Courts. It gave the mortgagee no new rights. As against him, she was placed in the same subordination as any other person acquiring an interest subject to the mortgage. That is to say, his title to have and enforce his lien upon the premises could not be prejudiced nor be defeated by the subsequent marriage of the mortgagor.
We are aware that the present is not a cáse under the fourth section. We refer to it, however, because the provisions of the fifth section are so nearly identical in the particulars material to this case that they ought both to be kept in view in determining the intent and scope of the statute.
And this reference to the decisions above noted, and to this section of the statute, shows, we think, that whatever doubt may have existed in England, and formerly in this State, whether the execution of a mortgage so divested the title of the husband that he could not be said to have been seized during the coverture of an estate of inheritance so as to give dower to his wife, is put at rest. He is seized, but that seizin is qualified by the outstanding interest of the mortgagee, and as against such mortgagee no act, conveyance, or marriage will operate to impair that interest.
Upon a consideration of the 5th section, which, it is supposed, governs the present case, it will, we think, appear that these views are material, and furnish a guide to the determination of the rights of the parties.
To the correct understanding of the 5th section, it seems material to observe, that a doubt had existed whether,, on a conveyance to a husband, .he did not become instantly seized of an estate of inheritance; so that his mortgage, given back to secure the purchase-money, was'subject to an inchoate right of dower, acquired by the wife eo instanti the deed to her husband was delivered.
This question was brought before the Court in Stow v. Tifft, (15 J. R. 458,) and it was there urged, that as the conveyance to the husband vested the title in him, before he could in turn reconvey by way of mortgage, the seizin of the husband, though but for an instant, was sufficient to entitle the wife to dower. And Mr. *531 Justice Thompson was of that opinion. A majority of the Court held otherwise.
It will be noticed that, in that case, the premises had been sold under a power of sale contained in the mortgage, and the widow was claiming dower, not in the equity of redemption, but in hostility to the mortgage, at laV, and against the party who held under the mortgage.
This case, therefore, in no wise settled that the wife took no interest in the equity of redemption. That equity of redemption remained in the husband as truly, for all purposes, as if he had bought the land subject to the mortgage. There is no reason whatever for saying that the wife was not as well entitled to dower in that equity of redemption as in any other, nor can the Court be deemed to so hold. The point was, whether she had acquired a right of dower, as against the mortgagee, prior and superior to his right, and the majority of the Court held that she had not. In regard to her equitable right to redeem, or her right as against the heirs-at-law, or purchasers of the equity of redemption from her husband, the Court had nothing to say. Ho question was before them on the subject.
So, in the subsequent case of Jackson v. De Witi, the point really before the Court was the same. The defendant, in ejectment, was in possession under the title of the mortgagee, and it was held that the widow of the mortgagor could not maintain the action to recover her dower. The ruling must have been the same, had that been a case in which her husband had been a purchaser of the premises subject to the mortgage. All, therefore, which was necessarily involved in,- or decided by, these cases, was that the conveyance to the husband, who gave back a mortgage for- purchase-money, did not give Mm such a seizin that the right of dower of the wife attached, intermediate the deed and the mortgage; and, therefore, that she could not maintain an action at law against the mortgagee, or those claiming under him. As against them, she was not entitled at law to dower.
But, in the first case, the decision was made by a divided Court. In the last case, the reasoning of the Judge by whom the opinion of the Court was delivered, is expressed in language which might create what we deem a misapprehension, that the Court thought -she could not have dower, even as against the heirs-at-law, or *532 purchasers from the husband: though, on a careful examination of the opinion, and the facts to which it was applied, it warrants no such view.
In this state of the adjudications on the subject, the Revised Statutes were enacted, and the revisers, having the case of Stow v. Tifft in view, and intending to declare the precise rule of that decision, (see revisers’ notes,) proposed, and the Legislature adopted, the 5th section, the effect of which we are now considering.
By this they provide, in relation to premises purchased by the husband during coverture, and mortgaged at the same time to secure the purchase-money, that “his widow shall not be entitled to dower, as against the mortgagee, or those claiming under him, although she shall not have united in such mortgage; but she shall be entitled to her dower as against all other persons.”
This removed all doubt, if any before existed, whether the deed to the husband gave him such a seizin as let in the inchoate right of dower, to the prejudice of the mortgagee, and yet affirmed her title to dower in the equity of redemption. It placed her in the same situation, or rather declared her to be in the same situation, in respect to her claim to dower, as though she had united in the mortgage, and in the same situation, in that respect, as her husband himself, or any purchaser from him; in short, the mortgagee had a paramount claim against her and them, and neither she nor they could, as against the mortgagee, set up their title.
This was precisely what had been provided by the 4th section, in reference to the rights of a wife in premises mortgaged by the husband before marriage, as already noticed, and as was expressly decided in Van Dyne v. Thayre, (14 Wend. 233,) above cited.
From this time, we apprehend the whole inquiry, whether the seizin of the husband, in an equity of redemption, either by purchase subject to a mortgage, or remaining after a mortgage given by himself before marriage, or resulting from a. conveyance to himself during the coverture, where he executed a mortgage for the purchase-money, was such a seizin as entitled the wife to dower, was settled, and the right in each case was the same. As against the mortgagee, and those claiming under him, she had no *533 legal right. Her interest was wholly subordinate to theirs, and could neither impair nor defeat the mortgage.
But, in each case, the equity of redemption remained. Of this she might yet be endowed. As against all others, her right to dower was unqualified. (Van Dyne v. Thayre, supra)
If the mortgagee was in lawful possession, she could maintain no action against him to recover her dower. If the mortgage was foreclosed, she, as well as every other person interested in the right to redeem, was debarred of her right. In "short, the wife had no interest which created any obstacle to the enforcement of the mortgage, or the maintenance of the rights secured thereby, according to the very tenor of the mortgage. In this sense, she had no dower, as against the mortgagee, and could maintain no action for dower against him, founded on a claim to dower.
The 6th section of the Act, raises no implication inconsistent with this view of her rights. It provides, that upon a sale of the premises after the death of her husband, either by virtue of a power of sale in the mortgagee, or of a decree of a Court of Equity, she shall be entitled to the income of one-third 'of any surplus which may remain after payment of the moneys due on the mortgage. That is to say, such surplus shall not be deemed converted into personal estate, and pass to the representatives of the husband, nor to any then claimant, by purchase from the husband; it shall remain, for all the purposes of seeming her interests, real estate still, and she shall have dower therein, as she would in the proceeds of land sold in partition; and as she would in a portion of the mortgaged premises remaining unsold, after moneys sufficient for the payment of the mortgage had been raised.
Our conclusion is, therefore, that a wife has an inchoate right of dower in the equity of redemption of premises conveyed to her husband, and by him, at the same time, mortgaged back to secure the payment of the purchase-money; that she is directly and immediately interested in the payment of the mortgage debt; that, so long as the title of the mortgagee has not been made absolute by a foreclosure, which is effectual to cut off that equity, she is entitled to pay the debt, and take dower in the premises; that, although she cannot set up a claim to dower as against the mortgagee, to impair or defeat the mortgage, she may avail herself of the right which she has, even at law, as against all others, in any *534 mode not inconsistent with, but in affirmance of, the mortgagee’s interest, and, in equity, may seek a redemption.
This conclusion seems to us fully sustained by the decision in Bell v. The Mayor, etc., (10 Paige, 49;) and we refer to that case, and to Titus v. Neilson, (5 John’s Ch’y, 452,) to Denton v. Nanny, (8 Barbour, S. C. Rep. 618,) and Mills v. Van Voorhis, (23 id. 125,) for a review of the cases bearing upon the subject, which will show much more fully than we have done the course of decision in relation to this subject.
It is proper to add, in this connection, that the case now before us is not literally within the terms of either section of the statute which we have been considering. Here, the mortgage was not given by the plaintiff’s husband, either before or after marriage. Nor was the mortgage one in which, it being given for purchase-money, the wife of the mortgagor did not unite. Burtis and his wife gave the mortgage. Even though there had been no such statute, the wife of Burtis could not claim her dower in the face of her own mortgage, against the mortgagee.
Wheeler, the husband of the plaintiff, was simply the purchaser of an equity of redemption. Neither he, nor his grantors, had any title, except in subordination to the mortgage. But he had a clear equity of redemption, as we think, -with all the incidents belonging to such an equity, whether it is founded upon a title subject to a mortgage for purchase-money, or for any other cause. It is not evident to our minds, that if the mortgage given by Burtis and wife had been a mortgage of premises previously acquired, and given to secure a loan of money, the rights of Wheeler or his wife would have been, in equity, other or greater than they were in the present case. They would have held the premises in subordination to the mortgage, and neither would have any interest, except the right to the possession of the premises, until a foreclosure, and a right to pay off the mortgage, in exoneration of the land.
We have, however, discussed the question as though the terms of the statute embraced this precise case, and have treated the plaintiff as having no other or greater right than Mrs. Burtis would have had if she had not united with her husband in the mortgage.
In the view we have taken of the subject, it is not material *535 that any distinction should be made. It is quite clear that the position of the plaintiff is not less favorable to her claim to redeem, than the position of Mrs. Burtis would have been.
Our conviction is, that the only substantial difference between a mortgage for purchase-money, and a mortgage for any other debt, as respects the right of dower, is this; the former does not require execution by the wife, to become binding upon her, and superior to her right to dower; the latter does.
And in each case, there remains vested in the husband an equity of redemption, in which the wife, if she survive the husband, may have dower, and, in virtue of which, she is entitled to redeem.
It remains to consider how the foreclosure of the mortgage in the life time of the husband affects the plaintiff, she not being made a party thereto.
Although the Chancellor, in Bell v. The Mayor, (supra) forebore expressing an opinion on this question, Vice-Chancellor Ruggles clearly intimates that her right to redeem would not be affected by a foreclosure, in equity, to which she was not a party, and Mr. Justice Emott, of the Supreme Court, is unqualified in the expression of that opinion, in which Mr. Justice Brown concurred. The reasons given in those cases seem to us to be conclusive on the point. (See cases above cited.)
Upon general principles, it would seem quite clear that no separate interest of the wife could be affected by a suit to which she is not a party. Her husband is, in reference to her inchoate right of dower, in no sense her representative.
The doubt which has been thrown around the question results from a want of attention to the same distinction which prevails in relation to the right of the plaintiff. At law, the mortgagee could maintain his possession against an action for dower. When he was in lawful possession, she had no claim, except through a redemption of the premises. Hence it is said, that when the mortgagee is in, by entry or foreclosure, he may defend himself there, and the consent of the husband is sufficient to enable him to obtain possession. Such a possession may be gained through a foreclosure in the life time of the husband, although the wife be not a party. Acquiring all the interest of the husband, is sufficient for that purpose. Further than this, no case has gone which has fallen under our observation.
*536 But a possession gained, does not of itself defeat the equity of redemption: it may be defended at law, until payment of the debt.
We apprehend, that as to the interests of all persons who are not parties to the suit for foreclosure, (either directly or by representation,) the suit is wholly inoperative. Making the husband a party doubtless has the same effect as if he and the mortgagee had united in the conveyance to the purchaser, under the decree, but it can have no greater effect.
On this subject, our statute seems to us too explicit to be open to any general reasoning upon the subject. (2 R. S. 192.) It directs the execution of deeds to the purchaser, and declares that they “ shall vest in the purchaser the "same estate (and no other or greater) that would have vested in the mortgagee if the equity of redemption had been foreclosed; and such deeds shall be as valid as if the same were executed by the mortgagor and mortgagee, and shall be an entire bar against each of them, and against all parties to the suit, and their heirs respectively, and all claiming under such heirs.”
And by the Act in relation to dower before cited, (1 R. S. 741, 742,) it is expressly provided in § 16, that “ no act, deed or conveyance, executed or performed by the husband,......and
no judgment or decree confessed by or recovered against him,. . . .... shall prejudice the right of his wife to her dower, or preclude her from the recovery thereof.”
We are constrained to say that these provisions of the statutes require us to regard the case as though no foreclosure had taken place, so far as the plaintiff is concerned; and the question then recurs,—
Suppose the mortgagee had obtained lawful possession, in the life time of the husband of the plaintiff, and so continued until his death, would she then be entitled to redeem? We cannot hesitate to answer that she would. And if so, a decree recovered against her husband, a sale under such a decree, or even a deed by her husband, does not take away or prevent that right.
The questions, Upon what terms she shall be permitted to redeem ? How much she shall be required to pay ? How the improvements placed upon the lots, since the foreclosure, shall be taken into view to prevent her acquiring a greater interest than would be equitable as against the purchasers ? and, Whether, .seek *537 ing her relief, as she is compelled to do in a Court of Equity, she is equitably entitled to a greater interest, upon any terms, than dower in the lots, regarded as vacant and unimproved? and other questions, which we see may arise hereafter, are not now before us. Probably the statute regulating the admeasurement of dower, (2 R. S. 490, § 13, sub. 2,) and the decisions already had on this subject, (Walker v. Schuyler, 10 Wend. 483, and cases cited,) sufficiently establish the rules by which her dower should be allotted, and thus, incidentally, may limit the right to redeem to some very small share of the premises, as they now exist. Our conclusion is, that upon such equitable terms, and with such qualificacations as may, on a more full development of the case seem just and equitable, she is entitled to relief upon the case as exhibited in the complaint: the facts therein stated do constitute a cause of action.
The judgment should, therefore, be reversed, and the demurrer be overruled, with leave to the defendants to answer, upon the usual terms of paying the costs of the demurrer and proceedings thereon at Special Term. The costs of the appeal should abide the event of the suit.
Ordered accordingly.