# SUPREME COURT.

LORANE NORTHRUP agt. MARY WHEELER, and others.

The *wife* of the grantee of mortgaged premises must be served with *notice* and made a party to the proceedings to foreclose the mortgage by advertisement under the statute, in order to cut off her inchoate right of dower.

*Chenango Special Term, May,* 1872.

ACTION to redeem mortgaged premises from a foreclosure by advertisement, by plaintiff, who was not served with notice; she being, at the time of such foreclosure, the wife of a grantee of a portion of the mortgaged premises, who has since died.

E. D. NORTHRUP, *for plaintiff.*
LEWIS SEYMOUR, *for defendant.*

BOARDMAN, *J.*—The plaintiff's right·to recover in this action is founded upon the conceded facts, that she, being the wife of Nelson W. Northrup, the owner in fee of a portion of the mortgaged premises, was not served with notice of foreclosure of the mortgage, and whereby her equity of redemption still exists; that, by the death of her husband, she is entitled to redeem said premises from the mortgage and possess her dower therein.

The only answer to such claim, is that it was not necessary to serve any notice on the wife; that service upon the husband was sufficient, and that the proceedings having been, in other respects, regular, the wife's equity of redemption is foreclosed and cut off.

As the wife of Nelson W. Northrup, the plaintiff had an inchoate right of dower in the premises of which he was the owner, subject to the lien of the mortgage, given before his purchase, for purchase money.

If her right was not cut off by the foreclosure, she became, by the death of her husband, entitled to redeem the premises and to enjóy the dower therein.

I have examined, with much care, the authorities cited, and I have no doubt that her inchoate right of dower could not be extinguished without service of notice upon her, and making her a party to the foreclosure (*Wheeler* agt. *Morris,* 2 *Bosw.,* 524; *Mills* agt. *Van Voorhis,* 23 *Barb.,* 125, affirmed as to all the principles laid down, though a new trial was granted for special reasons in 20 *N. Y.,* 412).

The defendants rely upon *Lathrop* agt. *Heacock,* (*MS. decision of the general term, fourth department, see abstract in 3d Albany Law Journal* 213), to show that it was not necessary to serve process on the wife when it was served on the husband. A *dictum* of Justice JOHNSON, in the opinion, would warrant such a conclusion; but in that case, there was an appearance by both husband and wife, although without authority from the wife. The court held that such appearance was binding upon the wife, and that the judgment could not be attacked for want of jurisdiction in any collateral proceeding. To the same effect *Foote* agt. *Lathrop,* in same matter, (53 *Barb.,* 183), and *Brown* agt. *Patchin,* (42 *N. Y.,* 26).

If the plaintiff had an interest which it was necessary to cut off, in order to bar her equity of redemption, she must have been served with process, or notice, or in some way made a party to the action. If the Revised Statutes, do not provide for making her a party to a foreclosure by advertisement, the mortgagee would have to resort to an action in equity to effect his purpose.

While I think the plaintiff might properly have been made a party to the foreclosure under the statutes, by service of

notice on her, and that thereby her rights might have been cut off, it is not necessary to decide that point.

No attempt was made to foreclose her rights in the proceedings had, and consequently her rights, whatever they may be, remain unaffected by such proceedings.

If these conclusions are correct, the plaintiff is entitled to have an accounting to determine the amount due upon the mortgage in question, adding thereto the value of improvements made by the mortgagee, his widow and heirs, upon that portion of the mortgaged premises owned by said Nelson W. Northrup, and deducting therefrom the rents, issues, and profits received or enjoyed by them since they have been in possession of the mortgaged premises (*Wheeler* agt. *Morris*, *supra*, 4 *Kent's Com.*, \*162, &c., 11*th ed.*, 177; 2 *Crary Spec. Proc.*, 263, &c., and authorities cited).

The right of the plaintiff to be subrogated to the rights of the mortgagee is reserved until it shall be determined what, if anything, she is compelled to pay to redeem the part of the mortgaged premises of which her husband was seized.

The allowance of costs will also be determined upon the application for final judgment upon the report of the referee.