Alfred S. Hubbell, Assignee, etc., et al., Appellants, *v.* Hiram Sibley, Respondent.

The provisions of the Code limiting the time for the commencement of actions for the recovery of the possession of real property (Code, § 78), and that within which a cause of action or defence founded upon a title to real property may be maintained or interposed (§ 79), apply only to those actions where the remedies sought were prior to the Code administered by courts of law. They have no reference to actions where the desired remedies were administered exclusively by courts of equity.

An action by a mortgagor against a mortgagee in possession for an accounting, and for the recovery of possession of the mortgaged premises upon payment of what shall be found due, seeks a purely equitable remedy, and comes within the provision of section 97 of the Code limiting the time for the commencement of actions not otherwise specified to ten years. The cause of action accrues at the time of entry of the mortgage under claim of title, and the statute then begins.

(Argued December 4, 1872; decided December 10, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendant, entered upon the report of a referee. (Reported below, 5 Lans., 51.)

This action was brought for an accounting to ascertain amount due upon certain mortgages covering certain lands, of which plaintiffs claimed to own the undivided one-half, and of which defendant was in possession, claiming title under a foreclosure sale, which plaintiffs alleged to be defective and invalid. He also asked leave to redeem, and upon payment of the amount found due to recover possession of said moiety. Defendant, among other things, pleaded the statute of limitations.

In December, 1846, James W. Sawyer and Alfred Hubbell, being the owners and in possession of two tracts of land situate in the city of Rochester, executed a mortgage thereon to defendant to secure $7,000. They laid out a portion into city lots, and in 1848 mortgaged ten of the lots to the Rochester Savings Bank, which by agreement with defendant was made the first lien. A number of other lots they sold and conveyed; others they contracted.

In January, 1849, Hubbell executed an assignment for the benefit of creditors.

In February, 1849, defendant commenced a foreclosure of his mortgage by advertisement. On the 24th May, 1849, the premises, excepting the lots conveyed or contracted, were sold as one parcel, subject to the mortgage to the Savings Bank, and were bid off by defendant, who entered immediately into possession. On the 6th January, 1854, the assignees of Alfred Hubbell quitclaimed their interest in the premises to plaintiff, Alrick Hubbell. He was also the owner of ten judgments recovered against Alfred Hubbell in 1848 and 1849. Alfred Hubbell died in 1853 intestate. His heirs quitclaimed to Alrick Hubbell. In March, 1863, plaintiff, Alfred S. Hubbell, was substituted as assignee in place of the original assignees. Upon these facts the referee directed a dismissal of the complaint, and judgment was entered accordingly.

*Francis Kernan* for the appellants. In a statute foreclosure the mortgagee must comply strictly with the provisions of the statute to render the sale effective. (3 R. S., 5th ed., 859, etc., §§ 1, 8; *Jackson* v. *Clarke*, 7 J. R., 217; *Jenks* v. *Alexander*, 11 Paige, 618; *Van Slyke* v. *Shelden*, 9 Barb., 278, 285; *Cohoes Co.* v. *Goss*, 13 id., 137, 144; *Cole* v. *Moffit*, 20 id., 18, 20; *King* v. *Duntz*, 11 id., 191; *St. John* v. *Bumpstead*, 17 id., 100.) Section 79 of the Code does not apply to this action. (Code, § 73, etc.; 2 R. S., 3d ed., 399, § 52.) This action could not be barred by less than twenty years possession by the mortgagee. (4 Kent's Com., 11 ed., 169, note 4; *Edwards* v. *Farmers' Ins. Co.*, 21 Wend., 467; S. C. in error, 26 id., 541; *Arnott* v. *Post*, 6 Hill, 65; *Kortright* v. *Cady*, 21 N. Y., 343; 2 R. S., 3d ed., 391, § 5; 21 Wend., *supra*, 467; 26 id, *supra*, 541; 6 Hill, *supra*, 65; id., 398, 399, §§ 49, 52; 4 Kent's Com., 11 ed., 213, note 1.)

*W. F. Cogswell* for the respondent. This action is barred by the statute of limitations. (*Bergen* v. *Bennett*, 1 Caines' Cas. in Error, 1, 19; *Demarest* v. *Wynkoop*, 3 J. C. R., 129, 145; *Mohawk Bank* v. *Atwater*, 2 Paige, 54, 60, 61; Hill on Trustees, 168, 169, marginal paging and notes; Code, § 97; *De Pierres* v. *Thorn*, 4 Bosw., 266, 268.)

GROVER, J. The statute of limitations is one of the defences set up by the answer and relied upon by the defendant. If this is valid, it will be unnecessary to examine the others, as this will dispose of the case. The same question was examined by this court during this session, in *Miner* v. *Beekman*,[*] and in the opinion it was held that the facts brought the case within sec. 97 of the Code, and that, therefore, the action was barred in ten years after it accrued, but as the same judgment must have been given, whether this was so or not, and as the question is important, it was again argued in the present case and must now be finally determined. The provisions of the Revised Statutes respecting the times of commencing actions were repealed by section 73 of the Code, and those of the Code

* (See ante, p. 337.)

substituted therefor, but the construction of the latter will be much aided by reference to the former, as in many provisions the similarity of the language used shows that it was not intended to change the law. Section 5, vol. 2, R. S., 293, provides that no action for the recovery of any lands, etc., or the possession thereof, shall be maintained unless the plaintiff, etc., was seized or possessed of the premises in question within twenty years before the commencement of such action. Section 78 of the Code provides that no action for the recovery of real property, or for the recovery of the possession thereof, shall be maintained unless it appears that the plaintiff, etc., was seized or possessed of the premises in question within twenty years before the commencement of such action. It is entirely clear that this provision of the Code was intended to embrace the cases, and those only, which were included in section 5 of the Revised Statutes, and it is equally clear that the latter included legal actions only for the recovery of land or its possession, with or without damages for withholding it, and had no relation to any remedy administered only by courts of equity. Section 6 of the Revised Statutes provides that no avowry or cognizance of title to real estate or to any rents or services shall be valid unless it appears that the person making the avowry or the person, etc., was seized or possessed of the premises in question within twenty years before the committing of the act in defence of which such avowry or cognizance is made. Section 79 of the Code provides that no cause of action or defence to an action founded upon the title to real property, or to rents or services out of the same, shall be effectual unless it appears that the person prosecuting the action or making the defense or under whose title the action is prosecuted or defense is made, etc., was seized or possessed of the premises in question within twenty years before the committing of the act in respect to which such action is prosecuted or defense is made. It is evident that this section of the Code includes the cases only provided for by section 6 of the Revised Statutes, and that these were legal actions where remedies administered by courts of law only were sought.

But it is insisted that, conceding this to be so under the Revised Statutes, it is so no longer, for the reason that the distinction between actions· at law and suits in equity then existing, has been abolished. (Code, § 69.) It is true that all distinctions in the forms of action have been abolished, but all the remedies administered by both courts have been preserved, and where language is used in a statute showing that the design was to include one class of remedies only, its· construction must be confined to that class. Sections 78 and 79 of the Code must be held to embrace actions only where the only remedy sought was formerly obtained in legal actions.

It is further insisted that this is an action for the recovery of real property. That since the Revised Statutes, assuming for the purposes of this question that the foreclosure under which the defendant entered was void, he never acquired any legal title to the land; although it is conceded that before that time he would have had such title. It is true that this is the language of the cases, which was true when applied to the cases in which it was used. All the change made by the Revised Statutes is found in section 58, vol. 2, 312. That section provides that no action of ejectment shall thereafter be maintained by a mortgagee or his assigns or representatives, for the recovery of the possession of the mortgaged premises. Before the enactment of this section, such action could be maintained after forfeiture by non-payment of the money when due, and it was then said, that after forfeiture, the legal title was in the mortgagee, for the reason that his title would prevail at law over that of the mortgagor. Since then, it is said that he has not the legal title, because it will not so prevail. But since the enactment of this section, a mortgagee in possession after forfeiture can defend his possession in ejectment brought by the mortgagor upon his mortgage. (*Phyfe* v. *Riley*, 15 Wend., 248; *Chase* v. *Peck*, 21 N. Y., 581.) It can under this rule hardly be said that such a mortgagee has no legal title, for it prevails at law over that of the mortgagor. While these facts continue, the latter must resort to equity for the recovery of his

land, which will be adjudged to him upon payment of what shall be found due upon the mortgage.

It is further insisted by the counsel for the appellants, that this should be held an action for the recovery of real property, for the reason that the plaintiffs might, before its commencement, have tendered the amount due, and thereby discharged the lien, and then commenced an action for the mere recovery of the possession of the land. It is a sufficient answer to this that this is not such an action, but an action for an accounting and the recovery of the possession upon payment of what shall be found due. This is a pure equitable remedy, and such as was given by courts of equity only, while such courts had a separate existence. By giving this answer, it is not intended to concede that such tender might have been made by the plaintiffs with the effect claimed by the counsel. That is a question not involved in the case, and it is not necessary to examine it. It is sufficient to say that no one of the cases cited by the counsel in its support, was that of a mortgagor against a mortgagee in possession where the amount due upon the mortgage was uncertain and could only be determined by an accounting. The question will be seasonably considered and determined when it shall necessarily arise. The relief sought in this action does not come within any of the other provisions fixing the time within which the action must be commenced. Hence, it must come within section 97. That limits the time to ten years. The defendant had been in possession for more than nineteen years before the commencement of the action, claiming to be the absolute owner, having purchased at a foreclosure sale under the statute, which he claimed to have been in all respects regular and valid. Under these facts, the cause of action accrued at the time of the entry, and the statute then commenced running; and as more than ten years have elapsed, the action is barred by the statute.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.