SAME, RESPONDENT, *v.* MARY L. WOODWARD, APPELLANT.

*Ratification—what is sufficient evidence of—Statute of limitations.*

THIS action was brought to establish the plaintiff's title to certain premises, similarly situated to those involved in the last action. The judgment directed that the defendant render an account of the proceeds of the property received by her and that the plaintiff have judgment against her therefor, subject, however, to the plaintiff's first paying the defendant the amount still unpaid to her of the purchase price of the property.

HARDIN, J. :

We think the evidence supports the conclusion of the trial court, that Mrs. Woodward, after her husband had delivered her deed to Howe & Hoxie, ratified the delivery. Her husband assumed to act as her agent, and she brought an action upon one of the notes, which he took towards payment of the consideration for the deed. She verified the complaint, and a judgment was entered upon the note, and as the finding is, we must assume she thus ratified the act of her husband. Subsequent ratification is equivalent to original authority. There was some evidence that he did not know of the origin of the note or the acts in respect thereto, until in 1876, but we are satisfied with the conclusion of the trial judge to the effect

that she had earlier knowledge thereof. As we understand the case Mrs. Woodward had been in possession of the land, and the purchase-money has been in part unpaid. We think the court was, therefore, correct in preserving her right to enforce and receive payment of the portion remaining unpaid.

Her demand was not barred. The case of *Miner* v. *Beekman* (42 How. Pr., 33, cited by counsel for appellant) was reversed in the Court of Appeals, as appears by the report thereof, in 50 N. Y., 337. (See also *Hubbell* v. *Sibley*, 50 N. Y., 468, and *Trimm* v. *Marsh*, 54 Id., 609.)

The judgment against Mary L. Woodward should also be affirmed, without costs.

TALCOTT, P. J., and SMITH, J., concurred.